In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-3225

TERENCE BROOKS,

*Plaintiff-Appellant,*

*v.*

THE CITY OF CHICAGO, and T. DAVEY, C. SAVICKAS,
and R. STEGMILLER, individually,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 93—**Elaine E. Bucklo**, *Judge.*

ARGUED MARCH 31, 2009—DECIDED MAY 1, 2009

Before FLAUM, MANION, and ROVNER, *Circuit Judges.*

FLAUM, *Circuit Judge.* Plaintiff Terence Brooks sued defendant police officers Davey, Savickas, and Stegmiller, as individuals, and their employer, the City of Chicago. He alleged false arrest under 42 U.S.C. § 1983; malicious prosecution under state law; false imprisonment under state law; and due process violations under § 1983. The district court dismissed Brooks's federal claims and declined to exercise supplemental jurisdiction over his

state law claims. The court then denied Brooks's motion to reconsider. Brooks appealed, and we now affirm.

## I. Background

In his first amended complaint, Brooks stated that on May 18, 2004, he was walking on the 3500 block of South Rhodes Street in Chicago when police officers Davey, Savickas, and Stegmiller grabbed him, threw him to the ground, and searched around the waistband of his under-wear. He continued that the officers used excessive force and acted without probable cause in arresting him and confining him for approximately three weeks before the charges were dismissed.

Brooks further alleged that on July 8, 2004, an indictment was issued against him based on evidence seized during the May 18 arrest. Brooks stated that he did not receive notice of the indictment, and he failed to appear in court on his July 22, 2004 appearance date. A warrant was issued against Brooks as a result of his failure to appear.

On May 7, 2007, Brooks was arrested on the 2004 war-rant. The officers who arrested Brooks in May 2007 were not the defendant officers. Nevertheless, Brooks alleged that the 2007 arrest was "caused by defendants Davey, Savickas, and Stegmiller and based upon the same crime Plaintiff allegedly committed on May 18, 2004." Brooks was imprisoned for about five months until the state dropped its charges against him on October 22, 2007.

On January 4, 2008, Brooks filed suit in the district court. He filed his first amended complaint on April 28, 2008.

Count I of his amended complaint alleged false arrest against the individual defendants under 42 U.S.C. § 1983. Counts II and III asserted state law claims for malicious prosecution and false imprisonment, respectively. Count IV asserted a federal due process claim against the defendant officers under § 1983.

The City and the defendant officers moved to dismiss Brooks's amended complaint. They argued that Brooks's false arrest claim should be dismissed, because Brooks alleged that he was arrested without probable cause in 2004 and any claim based on that arrest was time barred as the statute of limitations for § 1983 claims in Illinois is two years. They continued that Brooks failed to state a false arrest claim for his 2007 arrest, which was made on a facially valid warrant. The City and the defendant officers also argued that Brooks's due process claim should be dismissed because it merely recast his time-barred false arrest claim as a due process claim.

The district court granted the motion to dismiss. The court explained with respect to Brooks's false arrest claim that, while Brooks "purports to recover for the 2007 arrest, his claim hinges entirely on the propriety of the 2004 arrest, which is outside the limitation period." The court also held that Brooks failed to state a federal due process claim but had merely combined the elements of a false arrest claim and a state law malicious prosecution claim. The court declined to exercise supplemental jurisdiction over Brooks's state law claims and dismissed them without prejudice. The court then denied Brooks's motion to reconsider.

## II.  Analysis

On appeal from an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), we review de novo whether the appellant states a claim for which relief can be granted. We accept as true all well-pleaded allegations, and we draw all reasonable inferences in the appellant's favor. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

### A.  False Arrest Claim

The applicable statute of limitations for a § 1983 false arrest claim arising in Illinois is two years. 735 ILCS 5/13-202 (2009). "[A] § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

Brooks concedes that any claim based on the 2004 arrest alone is untimely. In an attempt to avoid a statute of limitations problem, Brooks does not argue simply that the 2004 arrest was unlawful. Rather, he argues that in May 2004 the named defendants "caused" an unlawful arrest that occurred in May 2007. According to Brooks, the evidence seized from Brooks at the time of his May 2004 arrest became the basis for the indictment; in turn, Brooks was ordered to appear in court; his failure to appear led to the 2004 warrant; and the warrant ultimately led to the 2007 arrest. Brooks's theory seems to be that the fruits of the defendant officers' allegedly illegal seizure in 2004

provided the evidentiary basis for the indictment, which led to his 2007 arrest.

To succeed, a false arrest claim requires an arrest made "without probable cause*." See Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006). The only arrest that Brooks challenges as made without probable cause occurred in May 2004, more than two years before Brooks filed this lawsuit. Brooks concedes he was arrested in 2007 pursuant to a "facially valid warrant that was issued because [he] failed to appear in court" following his indictment. The existence of an outstanding warrant supports probable cause for an arrest. *United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006); *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir. 1992).

Assuming Brooks had a cause of action against the defendant officers after the alleged wrongful arrest in 2004, such claim accrued at that time. Later proceedings are irrelevant to accrual of a false arrest claim because "the plaintiff can plead all the elements on the day of the arrest regardless of later proceedings." *Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998). Brooks's 2007 arrest and confinement cannot revive any claim based on the 2004 arrest. The Supreme Court in *Wallace* rejected the notion that a false arrest claim was actionable after the statute of limitations had run on the theory that "it set the wheels in motion" for a subsequent conviction and deten- tion. 549 U.S. at 391. Brooks cannot hold the defendant officers liable for his 2007 arrest, and he has failed to state a claim for false arrest that is not time-barred. The district court was correct to dismiss Count I of Brooks's complaint.

**B.  Due Process Claim**

After he was granted leave to file an amended complaint, Brooks added a claim for "due process violations." He alleged that the defendant officers deprived him "of fair criminal proceedings" by acts including "not disclosing known exculpatory evidence, perjuring themselves, submitting false charges as contained in the criminal complaints, submitting false police reports, and otherwise acting to deny plaintiff a fair trial."

The district court was correct to dismiss Brooks's due process claims as well. A plaintiff cannot state a due process claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Here, Brooks' complaints about the conduct of the defendant officers leading to his 2004 arrest are merely improper attempts to recast his untimely unlawful arrest claim as a due process claim. As for Brooks's allegations that criminal proceedings were instituted against him based on false evidence or testimony, such a claim "is, in essence, one for malicious prosecution, rather than a due process violation." *Id.* Finally, any arguments that he raised for the first time in his motion to reconsider are waived. *See Kunz v. DeFelice*, 538 F.3d 667, 681 (7th Cir. 2008).

### III.  Conclusion

We AFFIRM the dismissal of Brooks's false arrest and due process claims.