**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 23, 2009[*]
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1890

| | |
|---|---|
| MAURICE BROWN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | |
| | No. 2:07cv221 |
| JP MORGAN CHASE BANK, et al., | |
| *Defendants-Appellees.* | Philip P. Simon, |
| | *Judge.* |

**O R D E R**

Maurice Brown sued JP Morgan Chase Bank and several of its senior executives for conspiring to deprive him of his civil rights because he is black.  *See* 42 U.S.C. § 1985(3).  The district court dismissed his complaint for failure to state a claim, and we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

According to Brown's complaint, Chase sued him in state court to foreclose on his home.  Before the state court could enter a foreclosure decree, however, in July 2005 Brown filed a Chapter 13 bankruptcy petition, which automatically stayed the foreclosure action. *See* 11 U.S.C. § 362.  The state court—apparently unaware that Brown had filed for bankruptcy—nonetheless entered the foreclosure decree three days later, but Chase did not seek to enforce it.  Several weeks later, Chase appeared in the bankruptcy case.

The bankruptcy court dismissed Brown's Chapter 13 petition in August 2006.  About seven months later, in March 2007, Chase asked the state court to vacate the foreclosure decree, explaining that it "has just discovered" that at the time the state court entered the foreclosure decree, the automatic stay was in effect.  No signature appeared on the certificate of service, but the court granted the request to vacate.  Although the state court has entered another foreclosure decree, Brown continues to live in his home.

Chase's request to vacate the foreclosure decree constitutes the cornerstone of Brown's lawsuit.  According to Brown, Chase could not have "just discovered" the bankruptcy petition because Chase appeared in the bankruptcy case twenty months earlier. Brown concludes that the defendants conspired to violate his civil rights on account of his race by not dismissing the foreclosure action in August 2005, when they supposedly first learned of the automatic stay, even though they did not seek to enforce the foreclosure decree.  Brown contends that the conspiracy also included perjury in March 2007 when the defendants claimed to have "just discovered" that the foreclosure decree occurred after the stay and when they violated an Indiana rule of civil procedure requiring signatures on certificates of service.  The district court dismissed Brown's complaint for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

Our review of the dismissal is de novo. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).  The Supreme Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), has reiterated that to survive a motion to dismiss a complaint's request for relief must be "'plausible on its face.'" 129 S.Ct. at 1949 (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Determining the plausibility of a claim is "a context-specific task that requires [us] to draw on [our] judicial experience and common sense." *Id.* at 1950.  "[N]aked assertions devoid of further factual enhancement" will not do. *Id.* at 1949 (internal quotation marks omitted).

Brown's complaint does not allow a plausible inference that the defendants are liable under § 1985.  As is relevant here, a claim under § 1985 requires a racially motivated conspiracy to violate or interfere with a plaintiff's *federally* protected rights. *See United*

*Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 831-34 (1983). Brown has not explained how either Chase's allegedly false statement or its unsigned certificate of service in its request to vacate the foreclosure decree, both filed several months *after* the bankruptcy action ended, violated or interfered with any federal right.

Brown's grievance that Chase violated his civil rights by not dismissing the foreclosure action in August 2005 also does not state a claim. We have not held that the automatic stay imposes on creditors an affirmative duty to dismiss pending lawsuits, though at least one other circuit has so held. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210 (9th Cir. 2002) (treating the matter as a question of first impression). But in any case Brown's complaint does not "contain any factual allegation to plausibly suggest [that defendants had] discriminatory state of mind." *See Iqbal*, 129 S.Ct. at 1952. In *Iqbal*, the plaintiff filed a *Biven's* action against government officials claiming that they detained and abused him after the terrorist attacks of September 11, 2001, "on account of his religion, race, and/or national origin and for no legitimate penological interest." *Id.* at 1954 (internal quotation marks omitted). The Court held that Iqbal's barebones allegations were legal conclusions and therefore insufficient to state a claim for discrimination. *Id.* Brown's claim is at least as deficient: He gives us no "factual context," *see Iqbal*, 129 S. Ct. at 1954, or reasons to support his unexplained legal conclusion that Chase discriminated against him because of his race when, consistent with the stay, it refrained from moving ahead with its foreclosure action and merely neglected to dismiss it.

AFFIRMED.