NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 16, 2011[*]
Decided November 28, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

Nos. 11-1918 & 11-2068

| | |
|---|---|
| JOSEPH MICHAEL RIZZO, | Appeals from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | Nos. 09 C 4945 & 10 C 6719 |
| CITY OF WHEATON, ILLINOIS, et al., | |
| *Defendants-Appellees*. | Rebecca R. Pallmeyer, *Judge*. |

**O R D E R**

Joseph Rizzo was convicted of public indecency, a misdemeanor, after local police arrested him without a warrant at his home in Wheaton, Illinois. Both of these consolidated appeals arise from lawsuits that Rizzo filed under 42 U.S.C. § 1983 complaining about his arrest and prosecution.

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus, these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

The first of Rizzo's lawsuits was dismissed at summary judgment, and the following undisputed facts are taken from the affidavits and depositions of Rizzo and the defendants. In September 2008 a Wheaton resident alerted police that Rizzo, her neighbor, was masturbating while standing outside the house where he and several other men rented separate bedrooms. When three Wheaton police officers arrived at the house, Rizzo no longer was outside. The officers interviewed the caller, who confirmed her report and agreed to sign a complaint against Rizzo. The officers then approached Rizzo's house, knocked and requested permission to enter, and were invited inside by other residents. One of them directed the police to Rizzo, who was in his second-floor bedroom with the door closed. An officer knocked on the bedroom door and loudly yelled, "Rizzo, come out of the room, we know you're in there, or else we won't leave." Rizzo then opened the door and walked into the hallway. The Wheaton officers did not enter his bedroom or touch Rizzo before he exited. They ordered him to leave the house and arrested him outside without a warrant. One of the officers contacted the State's Attorney's office for DuPage County and sought approval to file a felony complaint because he knew Rizzo to have a history of arrests for public indecency. *See* 720 ILCS 5/11-30. Approval was given, and afterward a grand jury returned a felony indictment. Before trial the charge was reduced to a misdemeanor. A jury found Rizzo guilty in February 2009, and he was sentenced to 364 days in jail. He served 180.

After completing his jail term, Rizzo sued the three Wheaton police officers who responded to his neighbor's complaint. (He also named as defendants the State of Illinois and the City of Wheaton, but the district court dismissed those defendants at screening. S*ee Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Rizzo does not challenge that ruling.) Rizzo claimed that the Wheaton officers violated his Fourth Amendment rights because, he argued, they (1) lacked authority to enter his house or, at least, to access the second floor, (2) needed but did not obtain a warrant before calling him out of his bedroom, and (3) charged him with a felony rather than a misdemeanor.

The officers moved for summary judgment. They argued that the other renters were authorized to consent to their entry and movement throughout the house, that no warrant was necessary because Rizzo was seized outside his separate bedroom, and that the decision to charge him with a felony instead of a misdemeanor was made, not by them, but the State's Attorney's office. Rizzo responded that the officers did not have valid consent to be upstairs because, he asserted, the renter who had allowed them into the house lived in a basement bedroom and was not permitted to be on the second floor. In making this argument, however, Rizzo ignored undisputed evidence that a second (and possibly a third) resident had allowed the Wheaton officers into the house and sent them upstairs. Rizzo also insisted, in opposing the motion for summary judgment, that the officers had seized him unlawfully because, in his view, the seizure occurred *inside* his bedroom when the police

shouted their command to exit the room. Thus, he reasoned, a warrant was necessary. After briefing on the motion for summary judgment was complete, Rizzo sought leave to amend his complaint to add new claims that the Wheaton officers or other proposed defendants——most of them assistant State's Attorneys——had (1) violated the Double Jeopardy Clause of the Fifth Amendment by indicting him for a felony and then reducing the charge to a misdemeanor, (2) violated the Eighth Amendment's ban on cruel and unusual punishments by making him worry that he could be convicted of a felony, and (3) committed the state-law tort of defamation by stating publically that he was eligible for a felony charge when in fact he was not. In granting summary judgment for the Wheaton police officers, the district court concluded that Rizzo's housemates at least had apparent authority to give the officers access to the house, that Rizzo had exited his bedroom voluntarily and was not seized until he was in the hallway, and that the decision to arrest Rizzo on a felony charge instead of for a misdemeanor had no Fourth Amendment significance so long as there was probable cause to arrest him for some offense. Then, following an April 2011 hearing during which Rizzo was allowed to clarify the additional claims he proposed to add to his lawsuit, the court denied leave to amend and dismissed the case because none of the new claims would be viable.

By then, however, Rizzo had filed another lawsuit arising from the same events (in fact, he filed three other lawsuits, but the other two resulted in dismissals that have not been appealed). Rizzo's new action, which he commenced in October 2010 by filing a rambling 56-page complaint, incorporated the Fourth Amendment claims from his first lawsuit as well as the three claims he had tried unsuccessfully to add to the first lawsuit. In this second suit Rizzo named as defendants DuPage County, the State's Attorney and four of his prosecutors, the foreman of the grand jury that indicted him for a felony, and one of the defendant police officers from the first lawsuit. The defendants moved for dismissal, arguing that Rizzo's complaint did not state any federal claims and that the statute of limitations had run on the defamation claim. The district court granted the motion and dismissed this case on the same day that it granted summary judgment for the defendants in Rizzo's first case.

In contesting the grant of summary judgment, Rizzo first argues that the district court erred in concluding that the Wheaton police officers had consent to be in his house. As before, he focuses exclusively on the consent given by the basement occupant and ignores that other renters also interacted with the officers. It was one of those other occupants, in fact, who ushered the police upstairs to Rizzo's room. What's more, Rizzo does not dispute that the basement renter did give consent, nor does he challenge the judge's conclusion that the officers were unjustified in their belief that this housemate had authority to give them access to the house he shared with Rizzo. There is no indication that the officers should

have doubted the housemate's authority, and "apparent authority" is all that the Fourth Amendment requires. *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990).

Rizzo also argues that the district court should have concluded that he was seized inside his room without a warrant by virtue of the police knocking on his door and yelling through the door for him to come out. He is correct that if the officers had effected a seizure inside his separately rented bedroom they would have violated the Fourth Amendment's warrant requirement. *See Payton v. New York*, 445 U.S. 573, 576 (1980); *United States v. Etchin*, 614 F.3d 726, 733 (7th Cir. 2010). The officers were not permitted to enter his bedroom to make a warrantless arrest because his housemate could consent to their presence only in the common areas of the house. *See Florida v. Jimeno*, 500 U.S. 248, 250–51 (1991). But the record shows that the officers never entered or even threatened to enter Rizzo's bedroom and that Rizzo voluntarily complied with the officer's entreaty that he exit the room. He could have refused to come out, forcing the officers to obtain a warrant, but once he exited his room voluntarily, the officers were free to arrest him on the basis of probable cause without a warrant. *See McKinney v. George*, 726 F.2d 1183, 1188 (7th Cir. 1984) (finding no constitutional violation where man answered door when police knocked and voluntarily accompanied them as directed). Because Rizzo was not seized in his bedroom, the Fourth Amendment's warrant requirement was not violated.

With respect to the grant of summary judgment, Rizzo last argues that the Wheaton officers did not have probable cause to believe he committed a felony and thus his arrest violated the Fourth Amendment. He is mistaken, however, that police confusion over the appropriate charge negates probable cause for the arrest. It is enough that the officers had probable cause to arrest Rizzo for some criminal offense. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). Rizzo himself conceded in his response to the defendants' motion for summary judgment that he should have been arrested; he simply argues, irrelevantly, that he should have been arrested for a misdemeanor rather than a felony.

Finally, as to his first lawsuit, Rizzo argues that the district court erred by denying his motion for leave to amend his complaint. Rizzo already had amended his complaint once, and the court had discretion to disallow further amendments that would not be in the interest of justice. *See* FED. R. CIV. P. 15(a); *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Reasons to deny a motion for leave to amend include undue delay, unfair prejudice to the defendants, and the futility of the proposed amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). In this instance, there was no reason for Rizzo to have waited over a year to seek permission to add additional claims that could have been raised earlier. And more importantly, as the district court noted, amending the complaint would have been a futile gesture because the proposed new

claims lacked merit. The district court did not abuse its discretion when it denied Rizzo leave to amend his complaint.

The district court's recognition of the futility of allowing Rizzo to add new claims to his first lawsuit also resolves his appeal from the dismissal of his second suit. District courts have ample discretion to dismiss duplicative litigation, *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993), and Rizzo's second lawsuit included the very claims that had been rejected in his first suit, either at summary judgment or when the district court refused leave to amend his complaint. Moreover, the state-law defamation claim and any conceivable Fourth Amendment claim was barred by applicable statutes of limitations. *See* 735 ILCS 5/13-201, 5/13-202; *Brooks v. City of Chi.*, 564 F.3d 830, 832 (7th Cir. 2009). And Rizzo's complaint does not state any other claim upon which relief could be granted: He had only one trial and so was not subjected to double jeopardy in violation of the Fifth Amendment, *see United States v. Kashamu*, 656 F.3d 679, 682 (7th Cir. 2011), and his facing a felony charge did not constitute cruel and unusual punishment.

AFFIRMED.