NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013[*]
Decided May 30, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3056

| | |
|---|---|
| JACQUELINE STEWART, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 C 6810 |
| CITY OF CHICAGO, *et al.,* *Defendants-Appellees.* | Ronald A. Guzmán, *Judge.* |

**O R D E R**

Jacqueline Stewart—an Illinois resident who was arrested, tried, and sentenced to probation for aggravated unlawful use of a weapon, *see* 720 ILCS §§ 5/24-1.6(a)(1), (2) —appeals the dismissal of her complaint under 42 U.S.C. § 1983 alleging that her former

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

public defender, the City of Chicago, and several Chicago police officers violated numerous state and federal laws. We affirm.

At the pleading stage we assume the truth of Stewart's allegations. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). In 2007 Stewart was assaulted at her son's elementary school by another student's mother, sustained injuries, and called for an ambulance. Police officers also responded to the scene. While receiving care in the ambulance, Stewart provided one officer with identification, including a valid firearm-control card (a license to carry a loaded gun on her person or in her vehicle while on duty as a private security guard, *see* 225 ILCS § 447/35-35). That officer then searched her car, found a case containing her handgun, somehow unlocked the case, and removed and loaded the weapon. But according to the police report (which Stewart attached and thus incorporated into her complaint, *see* FED. R. CIV. P. 10(c); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)), the officer who accompanied Stewart to her car to retrieve her identification (she had not been carrying a firearm-control card) spotted Stewart's loaded handgun protruding from under the driver's seat. Stewart was arrested and charged with aggravated unlawful use of a weapon, *see* 720 ILCS § 5/24-1.6(a)(1), (2). She was convicted at a bench trial just over two years later.

Less than a month after her conviction, Stewart filed this civil-rights suit alleging a host of violations of state and federal law. As relevant to this appeal, she asserted that her arrest and the search of her car violated the Fourth Amendment. She also alleged that her conviction was invalid because the police officers intimidated unidentified witnesses, testified falsely from the police report about the events leading up to her arrest, fabricated documents showing that her firearm-control card had expired, and refused to return her original firearm-control card that they had confiscated on the day of her arrest. Moreover, she alleged that her public defender miscommunicated court dates (leading to missed appearances that resulted in her arrest), pressured her to choose a bench rather than a jury trial, and refused to present the unspecified exculpatory evidence that she provided.

The district court dismissed some of Stewart's claims at screening. *See* 28 U.S.C. § 1915(e)(2)(B). The court dismissed the claims against Stewart's former public defender with prejudice because a court-appointed public defender performing a lawyer's traditional functions is not a state actor, and thus cannot be sued under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995). The court dismissed without prejudice Stewart's claims concerning the officers' testimony and mishandling of evidence as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The court, however, did allow Stewart to proceed with her Fourth Amendment claims, but noted that such claims were "likely time-barred" given the two-year statute of limitations.

Stewart twice amended her complaint and the defendants moved to dismiss (arguing that Stewart's Fourth Amendment claims were barred by the statute of limitations and her claims based on the events of her trial were barred by *Heck*). The district court dismissed all of Stewart's federal claims with prejudice, and declined to exercise supplemental jurisdiction over her state-law claims. The court concluded that *Heck* barred Stewart's claims based on the defendants' conduct during her trial; the court, however, offered no reason for dismissing her Fourth Amendment claims.

On appeal Stewart maintains that the defendant police officers violated her Fourth Amendment rights by illegally searching her car and arresting her. The district court's sweeping disposal of Stewart's complaint did not invoke the statute of limitations or otherwise explain the rationale for dismissing her Fourth Amendment claims, but we may "affirm on any ground that the record fairly supports and that appellee has not waived," *Bogie v. Rosenberg*, 705 F.3d 603, 614 n.2 (quoting *Burns v. Orthotek, Inc. Employees' Pension Plan & Trust*, 657 F.3d 571, 575 (7th Cir. 2011)), including the statute of limitations, *see Nattah v. Bush*, 1058 (D.C. Cir. 2010); *Syms v. Olin Corp.*, 408 F.3d 95, 102 (2d Cir. 2005). And the defendants are correct that dismissal based on the statute of limitations is appropriate where "the relevant dates are set forth unambiguously in the complaint." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Because Stewart's complaint makes clear that she filed her suit more than two years after her arrest, her Fourth Amendment claims—which accrued immediately, *see Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010)—are barred by the Illinois two-year statue of limitations. *See Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

Stewart next generally asserts that the district court erred by concluding that *Heck* barred her claims based on the defendants' conduct during her trial (that her witnesses were intimidated and the evidence against her came from the perjured testimony of police officers and fraudulent documents). But these claims would necessarily undermine her conviction for aggravated unlawful use of a weapon, *see* 720 ILCS § 5/24-1.6(a)(1), (2),[2] and thus are barred because that conviction has never been reversed, expunged, or otherwise called into question. *See Heck*, 512 U.S. at 486–87; *Parish v. City of Elkhart*, 614 F.3d 677, 683–84 (7th Cir. 2010). These claims should have been dismissed without prejudice, however, so that Stewart could reinstate them if her conviction is ever called into question. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

---

[2] Months after the parties concluded briefing in this appeal, we decided *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012), which held unconstitutional Illinois' broad ban on carrying guns in public, including 720 ILCS §§ 5/24-1.6. Neither party, however, has supplemented its briefing to discuss the implications of that decision.

Stewart also argues that she filed and qualifies for "habeas corpus relief," a reference to a form petition for a writ of habeas corpus she submitted on October 8, 2010 in connection with miscellaneous filings that she described as "discovery" and "emergency pleadings." In this petition she repeats her allegations concerning the officers' conduct during her trial. The district court, understandably given Stewart's voluminous filings, never addressed the document. In any event Stewart's petition would be procedurally barred because she did not exhaust her state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Guest v. McCann*, 474 F.3d 926, 929–30 (7th Cir. 2007).

We have considered Stewart's remaining claims and all are without merit.

Accordingly, we MODIFY the judgment so that Stewart's *Heck*-barred claims are dismissed without prejudice, and AFFIRM the remainder of the district court's judgment.