**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1090
_____

TERRELL JOHNSON,

Appellant

v.

DENNIS A. LOGAN, IN HIS OFFICIAL CAPACITY AS POLICE OFFICER FOR
THE CITY OF PITTSBURGH AND IN HIS INDIVIDUAL CAPACITY; JILL
SMALLWOOD, IN HER OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE
CITY OF PITTSBURGH AND IN HER INDIVIDUAL CAPACITY; JOHN DOE, IN
HIS OFFICIAL CAPACITY AS POLICE OFFICER FOR THE CITY OF
PITTSBURGH AND IN HIS INDIVIDUAL CAPACITY; DALE CANOFARI, IN HIS
OFFICIAL CAPACITY AS POLICE OFFICER FOR THE CITY OF PITTSBURGH
AND IN HIS INDIVIDUAL CAPACITY; BRIAN WEISMANTLE, IN HIS OFFICIAL
CAPACITY AS POLICE OFFICER FOR THE CITY OF PITTSBURGH AND IN HIS
INDIVIDUAL CAPACITY, THE CITY OF PITTSBURGH; STEVEN ZAPPALA, IN
HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF ALLEGHENY AND IN
HIS INDIVIDUAL CAPACITY
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(No. 2:14-cv-01230)
District Judge: Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 13, 2017

Before:  CHAGARES, JORDAN, and FUENTES, *Circuit Judges*

(Opinion filed:  January 22, 2018)

_____

OPINION[*]
_____

FUENTES, *Circuit Judge.*

Terrell Johnson appeals from the District Court's grant of summary judgment in favor of City of Pittsburgh police officers Dennis Logan, Jill Smallwood, Dale Canofari, and Brian Weismantle (collectively, the "Officers") on his 42 U.S.C. § 1983 claims. For the following reasons, we will affirm.

## I.

### A.

Because the facts are well-known to the parties, we discuss only those facts necessary to our disposition. In 1995, Johnson was tried and convicted of first-degree murder in the death of Verna Robinson. The government's case against Johnson was primarily based on the purported eyewitness account of Evelyn McBride. Logan and Smallwood were involved in the initial investigation into the murder. In 2007, Johnson was granted a new trial based on the newly-discovered testimony of Kenneth Robinson, who testified that McBride was with him—and nowhere near the murder scene—on the night that Verna Robinson was murdered. After the District Attorney's Office for Allegheny County decided to retry Johnson, Canofari and Weismantle were involved in the reinvestigation. In 2012, Johnson was acquitted after a retrial.

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

**B.**

After his acquittal, Johnson commenced this § 1983 action alleging malicious prosecution and reckless investigation claims against the Officers for their roles in the City's murder investigations. The District Court granted summary judgment for the Officers on all claims. This appeal followed.[1]

**II.**

Johnson raises three issues. First, Johnson argues that the District Court failed to consider material deficiencies in affidavits of probable cause filed in the initial investigation. Second, Johnson contends that summary judgment was improper on his malicious prosecution claims because a jury must decide the fact question of whether probable cause existed to prosecute him. Finally, Johnson asserts that the District Court erred in granting summary judgment on his reckless investigation claims.

**A.**

Johnson first contends that the District Court failed to identify material misrepresentations and omissions in affidavits of probable cause submitted in the initial investigation. However, Johnson failed to challenge the sufficiency of the affidavits of

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, we must interpret the facts in the light most favorable to the non-movant. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

probable cause before the District Court; instead, he raises this issue for the first time on appeal. This argument is therefore waived.[2]

**B.**

Johnson next argues that the District Court erred in granting summary judgment on his malicious prosecution claims because there was a factual dispute concerning whether the Officers initiated the charges against him without probable cause. However, even assuming *arguendo* that a question of fact existed on probable cause, summary judgment was nevertheless warranted on Johnson's malicious prosecution claims because there was no evidence that the Officers initiated criminal proceedings against him.

"To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."[3]

---

[2] *See Delaware Nation v. Pennsylvania*, 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal."); *see also In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 262 (3d Cir. 2009) ("For an issue to be preserved for appeal, a party 'must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.'" (quoting *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999))).

[3] *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (brackets omitted) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Regarding the first element, "[d]ecisions have recognized that a § 1983 malicious prosecution claim might be maintained against one who furnished false information to, or concealed material information from, prosecuting authorities."[4] Here, there is no evidence that Logan or Smallwood provided false information to, or concealed information from, prosecutors. Rather, Logan and Smallwood merely failed to discover information that could have undermined McBride's credibility.[5] Moreover, Weismantle and Canofari were not involved in the reinvestigation until after the District Attorney's Office had already decided to retry Johnson.[6] Because the Officers did not initiate criminal proceedings against Johnson, we affirm the grant of summary judgment on these claims.

## C.

Finally, Johnson contends that the District Court erred in granting summary judgment on his reckless investigation claims. The District Court granted summary judgment on the reckless investigation claims against Logan and Smallwood because, "[e]ven if the investigation, as a whole, was incomplete, [Johnson] [] failed to introduce any evidence that such failures were due to intentional, reckless or [conscience]-shocking

---

[4] *Gallo v. City of Phila.*, 161 F.3d 217, 220 n.2 (3d Cir. 1998) (citation and quotation marks omitted).

[5] Our holding does not foreclose the possibility that a plaintiff could satisfy the "initiated a criminal proceeding" element of a malicious prosecution claim by showing that an officer was willfully blind to exculpatory information that the officer clearly had reason to know existed.

[6] *See Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (noting that officers "can be liable for malicious prosecution" where they "influenced or participated in the decision to institute criminal proceedings").

behavior by Logan or Smallwood."[7]  The District Court granted summary judgment on Johnson's "even more tenuous" claims against Weismantle and Canofari because neither made the decision to retry Johnson and their participation in the reinvestigation was minimal.[8]  We affirm substantially for the reasons set forth by the District Court.[9]

### III.

For the foregoing reasons, we affirm the District Court's grant of summary judgment.

---

[7] *Johnson v. Logan*, No. 2:14-cv-1230, 2016 WL 7187842, at *7 (W.D. Pa. Dec. 12, 2016).

[8] *Id.* at *8.

[9] We note, without deciding, that we have significant doubts about whether there is an independent substantive due process right to be free from a reckless investigation.  *Cf. Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("A plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" (quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003))); *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) ("[T]here is no constitutional right to an adequate investigation.").