**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 13, 2019
Decided November 27, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2284

| | |
|---|---|
| RAYMOND A. SEASE, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|   *v.* | |
| | No. 15-cv-877 |
| LAWRENCE DARKO, *et al.,* | |
|     *Defendants-Appellees.* | John Z. Lee, |
| | *Judge.* |

**O R D E R**

Raymond Sease sued two Chicago police officers under 42 U.S.C. § 1983 for falsely arresting and unreasonably searching him eight years earlier. The district court found Sease's claims untimely and entered summary judgment in favor of the officers. The court also denied Sease's motion to reconsider. Sease's appeal is timely only with regard to the denial of his postjudgment motion, which the district court appropriately denied, so we affirm.

**I**

A little past midnight on July 24, 2007, Officers Anthony Lewis and Lawrence Darko were on patrol when, as Lewis testified at his deposition, a "concerned citizen" flagged them down and said he believed "some guys" were selling drugs behind a nearby restaurant on Chicago's south side. The officers drove to the restaurant. Upon seeing Sease and two others, the officers got out of their car. As Lewis approached, Sease walked toward him but then started running away. Lewis pursued on foot.

Lewis testified that he saw Sease tear open a plastic bag and toss out white powder. Sease denies carrying this bag. Suspecting that the powder was cocaine, Lewis ordered Sease to the ground and handcuffed him. (The substance was, in fact, cocaine.) Lewis searched Sease's coat pocket and found 10 to 30 grams of cannabis and a few unprescribed Viagra pills. The parties dispute whether Sease also had heroin, ecstasy, and Xanax. Sease was charged in state court with felonies for possession with intent to deliver cocaine, cannabis, heroin, and Viagra. In February 2012, Sease moved to quash his arrest and suppress the seized evidence because the officers had no reasonable suspicion to stop him. His motion was eventually granted after the judge determined that the law was unsettled over whether police may chase after suspects who flee in high-crime areas. The state dismissed the charges.

In 2015, nearly eight years after his arrest, Sease brought this § 1983 suit against Officers Lewis and Darko and the City of Chicago for false arrest and an unreasonable search. After the court dismissed the City of Chicago from the suit because of Sease's failure to state a *Monell* claim, the officers moved for summary judgment. The officers argued that when Sease filed suit in 2015, his claims were barred by the two-year statute of limitations applicable to § 1983 claims. 735 ILCS 5/13-202; *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).

At Sease's deposition, he agreed that he "knew" in July 2007 that he had been arrested and searched "for no reason." Sease countered that his claims were not time-barred because they did not arise until the suppression hearing in February 2012—when, he argued, he learned that the officers had "fabricated" the "concerned citizen." Sease reasoned that the officers must have fabricated the tipster's identity because neither officer could identify the "concerned citizen" or describe the person in terms other than race. Given this fabrication, Sease invoked Illinois's fraudulent concealment statute, 735 ILCS 5/13-215, and argued that the statute of limitations had tolled for five years, until February 2017, rendering his claims timely.

On September 26, 2017, the district court granted the officers' motion and entered summary judgment in their favor, concluding that Sease's claims were untimely because he knew or should have known that he had been wrongfully arrested as early as 2007. In the court's view, Sease's belief that the officers had concocted the story was sheer speculation and thus could not defeat a summary judgment motion.

On October 26, 30 days after the entry of judgment, Sease sought an extension of time to file a motion to reconsider. The district court granted him a month's extension until November 27.

On November 27, Sease filed a motion to reconsider, arguing that the defendants' inconsistencies and improbabilities at the suppression hearing in his criminal case had created a credibility contest over whether the officers fraudulently concealed the fabrication of the "concerned citizen."

On May 18, 2018, the district court denied the motion to reconsider, finding Sease's arguments inappropriate because he did not identify "newly discovered evidence" or any "manifest errors of law or fact." See *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) ("[M]otions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).

Twenty-one days later, on June 8, 2018, Sease filed a notice of appeal. This court, noting that Sease's notice appeared to be untimely as to the underlying judgment, *see* FED. R. APP. P. 4(a)(4), ordered him to explain why appellate review should not be limited to the district court's May 18 order denying his motion to reconsider. After both parties submitted statements, we limited the appeal to a review of the May 18 order.

We explained that the district court entered judgment on September 27, 2017, and Sease filed his notice of appeal on June 8, 2018, far exceeding the 30-day time limit imposed by FED R. APP. P. 4(a)(1)(A). If Sease had filed his motion to reconsider earlier—within 28 days of entry of the judgment—then the rules would have allowed for tolling of the deadline to appeal. See FED. R. APP. P. 4(a)(4)(A)(v) (permitting tolling if a FED. R. CIV. P. 59 motion is filed 28 days from entry of judgment); FED. R. APP. P. 4(a)(4)(A)(vi) (allowing for tolling if a FED. R. CIV. P. 60(b) motion is filed 28 days from entry of judgment). But Sease missed the 28-day window to file his postjudgment motion, and FED. R. CIV. P. 6(b) prohibited the district court from keeping the window open any longer. See *Blue v. Int'l. Bhd. of Elec. Workers*, 676 F.3d 579, 583 (7th Cir. 2012). So the clock had continued ticking on the underlying judgment, and Sease's notice of

appeal was too late. Sease's appeal of the district court's denial of his motion to reconsider, however, was timely.

## II
### A

Sease now argues that because the defendants did not object to the district court's extension of time for him to file his motion to reconsider, they forfeited any argument that this motion was untimely for purposes of FED. R. APP. P. 4's tolling provision. Under Rule 4, the timely filing of one of the listed postjudgment motions tolls the time to appeal until an order is entered that disposes of the last remaining motion. See FED. R. APP. P. 4(a)(4)(A)(i)–(vi). Sease argues that his motion to reconsider was one such postjudgment motion, tolling the time to appeal until the district court issued an order denying it.

*Blue* covers Sease's case. Sease did not file his motion to reconsider until two months after entry of judgment. In *Blue*, we confirmed that only "timely" postjudgment motions have tolling effect, and postjudgment motions are timely when filed within 28 days of the judgment. See 676 F.3d at 582; FED. R. APP. P. 4(a)(4)(A). Whether the district court granted an extension to file a postjudgment motion does not matter because FED. R. CIV. P 6(b)(2) prohibits a court from extending the time to appeal such a motion. *Blue*, 676 F.3d at 582.

In so holding in *Blue*, we expressly rejected a contrary ruling by the Sixth Circuit, *National Ecological Foundation v. Alexander*, 496 F.3d 466, 476 (6th Cir. 2007), which held that a party's forfeiture of an objection to an untimely Rule 59(e) motion "makes the motion 'timely' for purposes of Rule 4(a)(4)(A)(iv)." We explained that allowing untimely postjudgment motions to toll the appeal clock would "create[] a new opportunity for parties to extend the time to appeal," undermining congressional "bounds on appellate jurisdiction." *Blue*, 676 F.3d at 583. We have followed *Blue* since. See, e.g., *Robinson v. Sweeny*, 794 F.3d 782, 783 (7th Cir. 2015); *Justice v. Town of Cicero*, 682 F.3d 662, 663–65 (7th Cir. 2012).

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement that cannot be forfeited by mere lack of objection. See *Bowles v. Russell*, 551 U.S. 205, 213–14 (2007); see 28 U.S.C. § 2107(a). Therefore, we cannot toll the appeal clock simply because the defendants did not object to Sease's extension of time. Further, 28 U.S.C. § 2107(c) provides the reasons under which a district court may delay the

appeal clock—a court may do so "upon a showing of excusable neglect or good cause." Section 2107(c)'s requirement of a showing of excusable neglect or good cause to file an appeal outside of the original deadline is jurisdictional and cannot be waived. *Nestorovic v. Metro. Water Reclamation Dist.*, 926 F.3d 927, 431 (7th Cir. 2019). The mere lack of objection to "[a] party's choice to wait, without more, is not a proper reason for extending the time to appeal." See *id.* at 432.

We stand by our preliminary order limiting Sease's appeal to the denial of his motion to reconsider.

B

On appeal Sease contends that his motion to reconsider—in which he questioned the credibility of the officers' testimony—did identify a "manifest error of law." We interpret this argument to mean that the district court erred in not finding that the alleged inconsistent testimony by the officers created a triable issue of fact over whether they had fraudulently concealed the fabrication of the "concerned citizen."

Although Sease did not clarify whether he brought his motion to reconsider under Rule 59(e) or 60(b), "the important question for characterizing these motions is their timing," *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019), and we have "long construed [untimely Rule 59(e) motions] as motions for relief under Federal Rule of Civil Procedure 60." *Blue*, 676 F.3d at 583. We do the same here.

The district court properly denied Sease's motion to reconsider as inappropriate under Rule 60(b). Relief under Rule 60 is limited to "extraordinary situations" where the judgment is not merely the result of an error of law. *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). Sease did not explain why the "inconsistencies and improbabilities" in the defendants' testimony constituted such an "extraordinary situation." Even if Sease's motion could be construed under Rule 60(b)(3) to allege fraud by an opposing party, "the alleged fraud must go beyond mere discrepancies in the record evidence." *Id.* at 420. Nor could Sease avail himself under the catch-all provision of Rule 60(b)(6) ("other reason that justifies relief"). Sease believes that the district court overlooked a fact question regarding whether the defendants fraudulently concealed the fabrication of the tipster, but arguments that the court "misinterpreted the evidence that was presented" cannot provide Rule 60(b) relief. *Id.*

For these reasons, we AFFIRM.