In the

# United States Court of Appeals
### For the Seventh Circuit

No. 14-1936

RONALD ROBINSON,

*Plaintiff-Appellant,*

*v.*

ED SWEENY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 6609 — **Joan H. Lefkow**, *Judge.*

SUBMITTED JUNE 18, 2015 — DECIDED JULY 23, 2015

Before POSNER, MANION, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge*. This odd and confused case under-
scores the pitfalls that await prisoners who file federal suits
against corrections officers to enforce constitutional rights.
See 42 U.S.C. § 1983. Attacked by a fellow prisoner while be-
ing transported back from a court hearing to his cell in an
Illinois jail, plaintiff Robinson, proceeding pro se, claims that
guards and supervisory personnel were deliberately indif-
ferent to his safety in failing to protect him from his assail-

ant. After the district court granted summary judgment in favor of the defendants and so entered a final judgment dismissing the suit, Robinson filed a motion asking the district judge to extend the 28-day deadline for filing a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. The motion for an extension of time was filed on December 30, 26 days after the entry of the final judgment. Because Rule 6(b)(2) prohibits extending the time for filing a Rule 59(e) motion, *Blue v. International Brotherhood of Electrical Workers Local Union 159*, 676 F.3d 579, 582 (7th Cir. 2012), Robinson had only two days in which to file his Rule 59(e) motion. He missed the deadline. But a month later the district judge issued an order construing the motion for an extension of time as a Rule 59(e) motion and also gave him another 30 days within which to supplement it, since the motion stated no grounds for relief but just asked for more time. On March 13, two weeks after the 30-day deadline had passed, the judge denied the motion that she had construed as a Rule 59(e) motion.

The procedure was irregular, but what is clear and vital is that Robinson missed the 28-day deadline for making a genuine Rule 59(e) motion and therefore could obtain no relief under that rule. When twelve days after the judge's ruling Robinson filed another such motion, the judge construed it as a Rule 60(b) motion because the deadline for filing a Rule 59(e) motion had passed. See *Blue v. International Brotherhood of Electrical Workers Local Union 159*, *supra*, 676 F.3d at 583.

Rule 60(b) lists six grounds for relief from a judgment, the last one being open-ended—"any other reason." But the judge denied Robinson's Rule 60(b) motion; and on the same

day (April 24) Robinson filed a notice of appeal from both
the final judgment, which had denied his substantive claim
for relief (his section 1983 claim), and the denial of his Rule
59(e) motion. That motion, however (the motion filed on De-
cember 30), had not been a genuine Rule 59(e) motion,
though treated as one by the district judge. For all it had
sought was an extension of time for filing a proper Rule
59(e) motion—a motion that would state grounds for relief
from the adverse judgment on the merits. A proper and
timely Rule 59(e) motion freezes the time for appeal until the
judge decides the motion. Fed. R. App. P. 4(a)(4). But since
the December 30 motion was not proper and the second Rule
59(e) motion was not timely, the time for appeal ran from
December 4, *Blue v. International Brotherhood of Electrical
Workers Local Union 159*, *supra*, 676 F.3d at 582; *Elustra v.
Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010), and thus expired
long before April 24 when the notice of appeal was filed. We
therefore lack appellate jurisdiction to review the grant of
summary judgment in favor of the defendants.

Robinson's mistake was fiddling with Rule 59(e) rather
than appealing from the final judgment in his suit. For it ap-
pears that despite diligent efforts by him both to obtain his
legal mail and to obtain access to the jail library, he could
not, within the 28 days that are all that are allowed for pre-
paring and filing a Rule 59(e) motion, have composed an ar-
ticulate statement of grounds for the motion. A notice of ap-
peal, in contrast to a Rule 59(e) motion, requires very little in
the way of content, and thus essentially no research. See Fed.
R. App. P. 3(c). And the 30-day deadline for filing such a no-
tice, Fed. R. App. P. 4(a)(1)(A), can be extended if excusable
neglect or good cause is shown. Fed. R. App. P. 4(a)(5)(A),
(C). Robinson should have been so advised, but was not. He

should also have been informed that he could not extend the time for filing a Rule 59(e) motion; for he was unlikely to notice this on his own, since he would have had to go to Rule 6(b)(2) to discover that the time for filing such a motion cannot be extended.

The Supreme Court has denied having ever "suggested that procedural rules in ordinary civil litigation be interpreted so as to excuse mistakes by those who proceed without counsel," for "'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *McNeil v. United States*, 508 U.S. 106, 113 (1993) (citations and footnote omitted). The first clause in the quoted passage hedges ("in *ordinary* civil litigation") and the second is more conjecture than observation. If the courts intend not to excuse procedural mistakes by pro se litigants, the spirit of legal justice would seem to require that someone inform those litigants of the rudiments of federal procedure in order to prevent the kind of pitfall into which Robinson tumbled, tripped up by procedural rules likely to be unintelligible to a lay person, and as a result disabled us from deciding the merits of his case.

To avoid this result in future cases, consideration should be given to requiring district judges to accompany their judgments in pro se cases with a statement of the options and associated deadlines for reconsideration or appeal of the judgment. But, as there is no relief that we can provide to plaintiff Robinson, his appeal must be, and it is,

DISMISSED.