In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2562

SLOBODANKA NESTOROVIC,

*Plaintiff-Appellant,*

*v.*

METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-6807 — **Rebecca R. Pallmeyer**, *Judge.*

SUBMITTED APRIL 10, 2019[*] — DECIDED JUNE 11, 2019

Before BARRETT, BRENNAN, and SCUDDER, *Circuit Judges.*

PER CURIAM. This case turns on the requirement in 28 U.S.C. § 2107(c) that a litigant show excusable neglect or good

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

cause to file an appeal after the deadline for doing so has passed. The district court dismissed Slobodanka Nestorovic's discrimination claims against her employer and the deadline to appeal expired without Nestorovic appealing. Nestorovic then moved for an extension of time to file a notice of appeal, and the district court granted her motion without making any finding as to whether Nestorovic had made the required showing that excusable neglect or good cause justified missing the original deadline. Because this showing is required by an act of Congress—§ 2107(c), in particular—the necessity for Nestorovic to have shown excusable neglect or good cause serves as a prerequisite to our having appellate jurisdiction. As the record below contained no evidence of excusable neglect or good cause for Nestorovic's tardiness, we dismiss Nestorovic's appeal for lack of jurisdiction.

## I

In 2015, the Metropolitan Water Reclamation District of Greater Chicago hired Slobodanka Nestorovic as an assistant civil engineer. Nestorovic initially did well in the position, but later lost her job for allegedly poor performance. Nestorovic responded by filing a discrimination charge with the Equal Employment Opportunity Commission. She then received permission to sue and brought sex and disability discrimination claims under Title VII of the Civil Rights Act and the Americans with Disabilities Act against the Water Reclamation District.

The district court dismissed her case on May 16, 2018 for failure to comply with Title VII's filing requirements. Nestorovic then had 30 days to file a notice to appeal—until June 15. See 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). She missed this deadline.

Instead, on July 13, Nestorovic asked the district court to extend her time to appeal. Section 2107(c) allows such an extension in certain circumstances: "The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure implements § 2107(c) and likewise allows the district court to extend the time to file an appeal if a party shows excusable neglect or good cause and moves for the extension no later than 30 days after the appeal deadline has expired.

Nestorovic filed her motion to extend the time to appeal within the 30 days permitted by § 2107(c). Although timely, her motion offered little to explain what excusable neglect or good cause warranted the requested extension. Nestorovic explained only that she was "actively searching for attorneys willing to take the case on contingency" and had been "advised very recently that [prospective] counsel could not file an appeal before reviewing filings to date, which would take several weeks." The district court granted the requested extension of time, saying only that the extension was warranted "in these circumstances." The district court also construed Nestorovic's motion as a notice of appeal.

Nestorovic contends in her jurisdictional statement that her appeal is timely because she received an extension of time from the district court. For its part, the Water Reclamation District filed a brief opposing Nestorovic's appeal on the merits while agreeing that the appeal was timely. After we questioned the completeness of its jurisdictional statement, however, the Water Reclamation District argued for the first time in an amended jurisdictional statement that the appeal must

be dismissed because Nestorovic had not shown excusable neglect or good cause to justify the extension of time to appeal.

The question before us, then, is whether the showing of excusable neglect or good cause required under § 2107(c) is jurisdictional, and whether Nestorovic made that showing in the district court.

## II

### A

In recent years the Supreme Court has undertaken to clarify the meaning of the word "jurisdiction," a term that has been subject to frequent and sometimes imprecise use. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998). Two of those decisions combine to resolve this appeal.

In *Bowles v. Russell*, 551 U.S. 205 (2007), the Supreme Court held that an appellate court has no authority to consider an appeal filed after the period allowed by statute. In this way, the statutory deadline within which a notice of appeal must be filed is jurisdictional. See *id.* at 213 (explaining that "[b]ecause Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c)," the court of appeals lacked jurisdiction over the tardy appeal). And because courts lack authority to create equitable exceptions to jurisdictional requirements, they cannot excuse a party's noncompliance even when extraordinary circumstances present themselves. See *id.* at 214.

In holding in *Bowles* that statutory time limits for taking an appeal are jurisdictional, the Court distinguished statutorily-prescribed time limits from other limitations found in court rules: while only Congress may determine a lower federal

court's subject-matter jurisdiction, court-adopted procedural rules may be relaxed in the exercise of discretion. See *id.* at 211–12. This very distinction received further illumination ten years later in *Hamer v. Neighborhood Housing Services of Chicago*, 138 S. Ct. 13 (2017).

In *Hamer*, the Court reinforced not only that a provision governing the time to appeal set by Congress qualifies as jurisdictional, but also that failure to comply with such a time prescription "deprives a court of adjudicatory authority over the case, necessitating dismissal—a 'drastic' result." *Id.* at 17 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). These statutory time limits are not subject to waiver or forfeiture and may be raised at any time, with courts even shouldering the obligation to notice jurisdictional issues and address them on their own initiative. See *id.*

The Court went further in *Hamer* and explained that claim-processing rules—those not prescribed by Congress—were different. *Id.* Those rules must be enforced if properly invoked but otherwise may be waived or forfeited. *Id.* The Court therefore vacated our prior ruling that Rule of Appellate Procedure 4(a)(5)(C) imposed a jurisdictional limit on the power of a district court to grant an extension of time to appeal longer than 30 days—a time limit not rooted in § 2107. *Id.* at 21–22. Because the time prescription found the Rule 4(a)(5)(C) was "absent from the U.S. Code," it was not jurisdictional. *Id.* at 21. *Hamer* told us, in short, that supplemental or implementing provisions in the Rules of Appellate Procedure are not jurisdictional. *Id.*

After *Bowles* and *Hamer*, the controlling legal standard is clear: "If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears

in a statute, the limitation is jurisdictional; otherwise, the time specification fits within the claim-processing category." *Id.* at 20.

B

The application of this framework and *Hamer* in particular to this case is straightforward. The limitation at issue here is set forth in a statute and speaks to the court's adjudicatory authority. Under § 2107(a), a party must file a notice of appeal within 30 days of the entry of the judgment being appealed, "[e]xcept as otherwise provided in this section." Section 2107(c), in turn, allows an extension of time to file a notice of appeal upon "motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal" and "a showing of excusable neglect or good cause." This limitation comes from the U.S. Code and is jurisdictional. See *Hamer*, 138 S. Ct. at 21. While Rule 4(a)(5)(A) likewise contains this requirement, the jurisdictional nature of the limitation comes from its presence in § 2107, which lays out the requirements for seeking review in a court of appeals.

The soundness of our conclusion that a showing of excusable neglect or good cause is jurisdictional finds further support in the Supreme Court's decision just this term in *Fort Bend County v. Davis*, No. 18-525, 2019 WL 2331306 (U.S. June 3, 2019). There the Court sounded the reminder that not all statutory requirements are jurisdictional, as some requirements embodied in statute speak not to the court's authority to entertain a case but instead to a party's procedural obligations. See *id.* at *6 (concluding that Title VII's charge-filing requirement was not jurisdictional but instead a claim-processing rule).

The requirements of § 2107 not only are statutory but also plainly delineate the circumstances under which a party may seek judicial review in a court of appeals. The section first creates a 30-day period within which a party must appeal and provides that no appeal can be heard if a party misses that deadline, unless the party satisfies an exception expressly provided in the statute. 28 U.S.C. § 2107(a). From there, the section proceeds to lay out various circumstances under which a party may appeal outside of that time limit, including by filing a timely motion for an extension and showing excusable neglect or good cause. *Id.* § 2107(c). In this way, § 2107(c) embodies a statutory "prescription delineating the adjudicatory authority of courts." *Fort Bend County*, 2019 WL 2331306, at *6. Section 2701(c)'s requirements, including the need to show excusable neglect or good cause to file an appeal outside of the original deadline, are thus jurisdictional.

That the requirements of § 2107(c) are jurisdictional has clear consequences in this case. Most especially, it does not matter that the Water Reclamation District initially did not argue that Nestorovic had failed to show excusable neglect or good cause: § 2107(c)'s requirement of a showing of excusable neglect or good cause is jurisdictional and cannot be waived. See *Bowles*, 551 U.S. at 213 ("[B]ecause Bowles' error is one of jurisdictional magnitude, he cannot rely on forfeiture or waiver to excuse his lack of compliance with the statute's time limitations.").

C

All that is left for us to determine is whether the district court abused its discretion by concluding that an extension was warranted in these circumstances. Because the record

contained no finding or evidence of excusable neglect or good cause for the missed deadline, we conclude that it did.

A court abuses its discretion when the record contains no evidence on which it could have rationally based its decision or when the decision rests on an erroneous view of the law. See *James v. Eli*, 889 F.3d 320, 328 (7th Cir. 2018); see also *United States v. Smith*, 860 F.3d 508, 516 (7th Cir. 2017) ("Before we can conclude that a court did not abuse its discretion, we have to satisfy ourselves that the court exercised its discretion, that is, that the court considered the factors relevant to that exercise."). Here, we do not know whether the district court applied the proper legal standard because it did not mention excusable neglect or good cause, cite the applicable statute, or look to the relevant factors—such as the length of the delay and its impact on judicial proceedings and whether the movant acted in good faith. See *Satkar Hosp. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). All the record contains is a brief statement that the extension was justified "in these circumstances."

We will sometimes remand a case for the district court to explain its rationale, but when "the absence of excuse is so total … that it would be an abuse of discretion for the judge to extend the time for appeal," the proper course is to dismiss the appeal as untimely. *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (alteration in original) (quoting *United States v. Guy*, 140 F.3d 735, 736 (7th Cir. 1998)). That is the case here. Nestorovic offered no meaningful explanation for not filing a timely notice of appeal. Although not directly interpreting § 2107(c), our caselaw considering parallel substantive standards makes clear that Nestorovic's unsworn, unsupported statement that she was searching for an attorney—even if we

credit it—does not demonstrate excusable neglect or good cause. See *e.g.*, *Satkar Hosp.*, 767 F.3d at 708 (explaining that Rule 4(a)(5) "requires *excusable* neglect, after all—not just plain neglect"); *United States v. Cates*, 716 F.3d 445, 449 (7th Cir. 2013) (concluding that new counsel's statement that he needed time to familiarize himself with case did not show excusable neglect under Rule 45).

A party's choice to wait, without more, is not a proper reason for extending the time to appeal. See *Sherman*, 668 F.3d at 427. Nestorovic did not need an attorney to file a notice of appeal; indeed, the district court's treatment of her motion as one demonstrates how little was required. See *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015) (refusing to overlook *pro se* litigant's failure to file notice of appeal, which "requires very little"). Because the statute requires a showing that Nestorovic did not make, she was not entitled to an extension of time, and her appeal is untimely. We thus lack jurisdiction to review it.

For these reasons, Nestorovic's appeal is DISMISSED.