In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1691

KENNETH MAYLE,

*Plaintiff-Appellant*,

*v.*

STATE OF ILLINOIS and NIRAV D. SHAH, in his official capacity as Director of Illinois Department of Public Health,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cv-02924 — **Robert W. Gettleman**, *Judge*.

SUBMITTED APRIL 10, 2020[*] — DECIDED APRIL 23, 2020

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. For the second time, Kenneth Mayle has sued the State of Illinois to challenge state laws prohibiting bigamy, adultery, and fornication. The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

dismissed this second suit, in part on issue preclusion and in part for lack of standing. We affirm.

Mayle is a self-proclaimed Satanist. He says he is a follower of The Law of Thelema, a set of beliefs developed in the early 1900s by Aleister Crowley. (The beliefs echo the rule of the fictional Abbey of Thélème in Rabelais's *Gargantua and Pantagruel*, "Do what thou will.") As part of this religion, Mayle participates in what he calls "sex magick rituals" that he believes violate Illinois's laws forbidding adultery and fornication. See 720 ILCS 5/11-35, 5/11-40. Mayle says that he reasonably fears prosecution for practicing his beliefs. He also says that he wants to marry more than one person at the same time and that if he were to do so, he would violate Illinois's law against bigamy. See 720 ILCS 5/11-45.

In 2017 Mayle filed his first challenge to these laws seeking declaratory and injunctive relief under the First and Fourteenth Amendments. The district court (in that case, Judge St. Eve) granted the defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Mayle v. Orr*, No. 17 C 0449, 2017 WL 1316269 (N.D. Ill. Apr. 10, 2017). The court ruled that Mayle's bigamy claim was barred by Supreme Court precedents upholding the constitutionality of anti-bigamy laws. The court then dismissed for lack of standing Mayle's challenges to Illinois's adultery and fornication statutes. He could not show a reasonable fear of prosecution, so he lacked standing to sue. See *id*. at *2, citing *ACLU v. Alvarez*, 679 F.3d 583, 590–91 (7th Cir. 2012).

Mayle did not appeal, but the next year he filed this suit challenging the same statutes for the same reasons. The district court (Judge Gettleman) dismissed this case as well. The court explained that Mayle's bigamy claim was precluded by

the 2017 final judgment on the merits. The court also adhered to the earlier conclusion that Mayle lacked standing to challenge the State's adultery and fornication laws because he still showed no reasonable fear of prosecution. The court entered judgment on March 7, 2019.

We first address our jurisdiction over this appeal. Mayle did not file a notice of appeal within thirty days of the judgment. See Fed. R. App. P. 4(a)(1)(A). Instead, on April 10, two days after the thirty-day deadline expired, he filed a motion in the district court seeking an extension under Rule 4(a)(5)(A) and 28 U.S.C. § 2107(c), which give a district court discretion to extend the deadline for "excusable neglect or good cause." Mayle offered two grounds. First, since he changed his address in January 2018, his mail had been "misrouted or not forwarded to the proper address." Second, a business trip in the week leading up to the deadline had "delayed him from access to his legal filings." On April 11, the district court summarily granted the motion and accepted the notice of appeal.

Relying on *Nestorovic v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 431–32 (7th Cir. 2019) (per curiam), the State asserts that we lack jurisdiction. It contends the district court abused its discretion in summarily granting Mayle's motion for a two-day extension of time. It also contends that Mayle's reasons for his tardiness—mail trouble and a business trip—did not amount to "excusable neglect or good cause" under 28 U.S.C. § 2107(c).

Keeping in mind that our review is only for abuse of discretion, we disagree. To begin with, this case is not like *Nestorovic*, which we decided on narrow grounds. In her motion for an extension, appellant Nestorovic had provided "little to explain what excusable neglect or good cause warranted the

requested extension," *Nestorovic*, 926 F.3d at 429, and we found nothing in the record that could have justified granting her motion. We explained that a court "abuses its discretion when the record contains no evidence on which it could have rationally based its decision ...." *Id*. at 431, citing *James v. Eli*, 889 F.3d 320, 328 (7th Cir. 2018).

In contrast, Mayle provided two plausible bases for an extension in his motion. The district court had considerable leeway in deciding whether those bases demonstrated "excusable neglect." There is no issue here of "good cause." Mayle's excuses showed his neglect, but that hardly settles the question. The point of the excusable-neglect standard is that neglect is assumed. The district court has discretion to excuse it. See *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "[E]xcusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392 (internal quotations omitted). Reasonable judges could differ on whether to excuse Mayle's neglect. It was up to the district court—not an appellate court—to decide whether to excuse his neglect. And while lack of prejudice to opposing parties does not entitle a late appellant to an extension, the lack of prejudice from allowing a two-day delay is relevant and was surely evident to the district judge here.

Moreover, *Nestorovic* did not forbid district courts from issuing summary orders like the district court's order here. True, in *Nestorovic* we questioned the district court's summary grant—but only because the record contained no evidence of "excusable neglect or good cause" that could have justified it. 926 F.3d at 431. In this case, Mayle did not offer good cause, but he confessed in essence to neglect. He offered

understandable, albeit far from compelling, excuses for that neglect. In effect, he threw himself and his appeal on the discretionary mercy of the district court. See *United States v. Kimberlin*, 898 F.2d 1262, 1264 (7th Cir. 1990) (dismissing appeal where extension was denied; someone who misses deadline for appeal must throw himself on mercy of district judge, and while power is not license for whimsy, appellate review is deferential) (superseded by rule on other grounds), citing *Lorenzen v. Employees Retirement Plan of Sperry & Hutchinson Co.*, 896 F.2d 228, 232–33 (7th Cir. 1990) (allowing appeal where extension was granted; appellate court would have affirmed either grant or denial of extension).

Federal civil practice is full of deadlines and rules. They vary in how strictly they must be enforced. Deadlines are important, but if every missed deadline were fatal, federal courts would decide a lot fewer civil cases on their merits. In the human system of federal civil litigation, people make mistakes. Defendants miss deadlines to answer. Plaintiffs miss deadlines to serve process. Many parties miss deadlines for discovery responses or for filing briefs. And Rule 4(a)(5)(A) and 28 U.S.C. § 2107(c) recognize that appellants sometimes miss the deadline for a notice of appeal.

Many deadline provisions, though not all, give judges discretion to overlook mistakes, particularly if they cause no significant harm. We should not apply close appellate scrutiny to such a routine and discretionary call as this one by a busy district judge. Nor should we lightly assume that the judge did not understand the familiar legal standard that applied—excusable neglect. Where there is an evident path from the record to the district court's discretionary decision, it would

be pointless to remand for a written explanation of the obvious. The district judge would not have abused his discretion if he had denied the extension, but he also did not abuse his discretion by granting it. Mayle's notice of appeal was timely. We have jurisdiction over this appeal.

On the merits, we can be brief. The district court's reasoning was sound. The court correctly dismissed Mayle's challenge to Illinois's bigamy laws on preclusion grounds, having already rejected a nearly identical challenge in his earlier federal suit. *Mayle v. Orr*, No. 17 C 0449, 2017 WL 1316269 (N.D. Ill. Apr. 10, 2017). "[I]ssue preclusion ordinarily bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016). Here the parties and issues in the bigamy challenge were identical. Likewise, the court correctly dismissed Mayle's challenges to Illinois's adultery and fornication laws for lack of standing. Those laws no longer are enforced, so Mayle could not show a reasonable fear of prosecution. See, e.g., *Peña v. Mattox*, 84 F.3d 894, 900 (7th Cir. 1996) ("[A]dultery [and] fornication [laws] remain on the statute books, archaic and unenforced, as a residue of legislative inertia."). Nothing relevant has changed on that front since the 2017 dismissal.

The judgment of the district court is

AFFIRMED.