In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2371

CARLOS BOWMAN,

*Plaintiff-Appellant,*

*v.*

JEFFREY KORTE, *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:15-cv-3215 — **Sara Darrow**, *Chief Judge.*

ARGUED APRIL 28, 2020 — DECIDED JUNE 25, 2020

Before EASTERBROOK, RIPPLE, and SCUDDER, *Circuit Judges.*

SCUDDER, *Circuit Judge.* The Federal Reporter is replete
with examples of prisoners losing cases because they missed
litigation deadlines and courts extended little forgiveness.
Much less common are cases where correctional officers expe-
rience the same outcome. But fairness is a two-way street.

Carlos Bowman is a prisoner who had sued for alleged
abuse in the Western Illinois Correctional Center, and as trial

was fast approaching, he saw the defendant correctional of-ficers file a surprising motion—one alleging that his case, which had been pending for nearly three years, should be dis-missed on summary judgment for his failure to exhaust ad-ministrative remedies. The motion surprised Bowman not only because the defendants had already filed a prior sum-mary judgment motion, which the district court denied, but also because the request to file a second motion came nearly two years after the deadline the district court had set for any motion based on a failure to exhaust administrative remedies.

The defendants offered no reason for the late second motion—indeed, they said it was late "for unknown reasons"—but the district court allowed it anyway, without making the finding required by Federal Rule of Civil Procedure 6(b)(1)(B) that "excusable neglect" permitted an extension of the original deadline. We reverse, as nothing in the record supported the district court's allowing the second summary judgment motion.

# I

Bowman's lawsuit arose from a so-called tactical shake-down that occurred in the prison on April 14, 2014. Suffice it to say he alleged troubling and demeaning abuse—guards beating and choking him and forcing him and other inmates to line up so closely to one another that their hands were on or near each other's genitals for hours.

Bowman reported the abuse in a grievance he filed within the prison on April 20. The prison denied the complaint, and the state's Administrative Review Board affirmed. Bowman then turned to federal court, invoking 42 U.S.C. § 1983 and filing a claim against multiple correctional officers, including

supervisors, for using excessive force and failing to intervene, in violation of the Eighth Amendment. He did so without the assistance of an attorney and, despite several requests for a court-appointed lawyer, continued to represent himself for the entirety of the proceedings in the district court.

Early in the proceedings, the defendants flagged the exhaustion issue. In their answer, the defendants asserted that Bowman failed to properly exhaust his administrative remedies before filing suit. And in March 2016, the district court entered a scheduling order requiring that the defendants file any summary judgment motion on exhaustion within 30 days of the order. That deadline came and went with no such motion. The case then proceeded through discovery for almost eight months.

Three months after discovery closed, the defendants moved for summary judgment. Not only did they not claim that Bowman had failed to exhaust, one of their other arguments seemed to assume that he had. More specifically, the defendants argued that Bowman's claims against Brant Mountain were barred by the statute of limitations that began to run after he "made efforts to exhaust his administrative remedies."

The district court denied the motion in part. It found that Bowman "exhausted his administrative remedies" when the Administrative Review Board issued its final denial, and because Bowman added Mountain to the case more than two years later, his claims against Mountain were untimely. But the court allowed Bowman's claims against the other defendants and set the matter for trial in May 2018.

Two months before trial, the defendants (represented by new counsel) sought permission to file a second motion for summary judgment on exhaustion grounds. Of course, by then the district court's April 2016 deadline was long past. To overcome that obstacle, the defendants relied on Federal Rule of Civil Procedure 6(b)(1)(B), which permits a court to extend deadlines—even after the time to act has expired—if there is good cause and the party "failed to act because of excusable neglect." They attributed their failure to timely argue exhaustion to "unknown reasons." Counsel added that she had learned only recently that Bowman did not name the defendants or allege a failure to intervene in his grievance, so he failed to exhaust his remedies. Bowman opposed the motion, arguing that the defendants' submission was too late—almost two years so—and that their bald assertion of negligence did not amount to "excusable neglect" under Rule 6(b)(1)(B).

In a text order, the district court summarily granted the defendants' request to allow the late motion and a few months later entered summary judgment for the defendants on exhaustion grounds.

## II

On appeal the parties raise multiple issues, focusing the most attention on whether Bowman's grievances (he says he filed two) exhausted his administrative remedies. The questions raised are complex and include a threshold issue of whether the defendants were precluded from even arguing exhaustion given what they represented about that topic in their first motion for summary judgment.

We can resolve this appeal on a simpler basis. Bowman argues that the district court should never have allowed the

second motion for summary judgment in the first place because the defendants did not show "excusable neglect" under Rule 6(b)(1)(B). He contends that their explanation for the belated filing ("unknown reasons"), which came almost two years after the court-imposed deadline, cannot support a finding of "excusable neglect." We agree.

Scheduling orders and court-imposed deadlines matter. We could fill page after page with citations to cases brought by prisoners that were dismissed for failing to follow court rules or deadlines. See, *e.g.*, *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (stating that "[a]s we have repeatedly held, even *pro se* litigants must follow procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (noting that "the Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure," citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). If prisoners are held to that standard, their opponents should be too.

To find "excusable neglect," courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay. See *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Here, we do not know whether the district court applied the proper legal standard. The court merely repeated defense counsel's remark that she did not know why her predecessor had not filed a motion addressing exhaustion, omitting any reference to excusable neglect or the relevant factors.

Regardless, the defendants' failure to explain counsel's oversight is fatal, for plain neglect is not "excusable neglect" as Rule 6(b)(1)(B) requires. See *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431–32 (7th Cir.

2019) (dismissing appeal for failure to show excusable neglect or good cause under 28 U.S.C. § 2107(a)); see also *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 708 (7th Cir. 2014) (explaining that Federal Rule of Appellate Procedure 4(a)(5) requires "*excusable* neglect," not just "plain neglect"). The defendants did not offer a "meaningful explanation" for seeking the late motion—they offered nothing. 926 F.3d at 432. Lack of prejudice to the non-movant is often used as a reason to excuse neglect, but even if we assume that Bowman suffered no prejudice, it "will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable." *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006).

The defendants, for their part, make *no* effort to defend the district court's order under Rule 6(b)(1)(B), and instead, for the first time, urge the application of Federal Rule of Civil Procedure 16(b)(4), which allows modifications to a scheduling order for "good cause." But the defendants moved in the district court for leave under only Rule 6(b)(1)(B), so they waived this argument. See *Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 819–20 (7th Cir. 2006). And even if they merely forfeited the argument, "good cause" imposes a more difficult standard than "excusable neglect" because the former "implies justification rather than excuse (negligence can be excused but not justified)." *CFTC v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404 (7th Cir. 2011). So if it would be an abuse of discretion to find that the defendants met a lower standard, so too would a finding that they met the higher "good cause" standard.

For these reasons, we conclude that the district court abused its discretion in granting the defendants leave to file a

belated second motion for summary judgment on exhaustion. We VACATE the district court's judgment and REMAND the matter for trial where Bowman may reassert his motion for the recruitment of counsel. Circuit Rule 36 shall apply on remand.