NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2021[*]
Decided March 24, 2021

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2084

| | |
|---|---|
| PRESTON STRAUB, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-cv-06401 |
| JEWEL FOOD STORES, INC., | Steven Charles Seeger, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Preston Straub, who is in his sixties, was fired from his job as a clerk at a Jewel Foods grocery store after he shoved another employee in the produce section. He sued the store, alleging that the discharge was really because of his age. Jewel moved for summary judgment, and, in response, Straub asked for more time to obtain discovery

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

about two other employees who he believed were treated more favorably. The district court denied Straub's request and entered summary judgment for Jewel. The district court did not need to delay its resolution of the summary judgment motion, because the discovery Straub sought would not have helped his claim. Moreover, no reasonable jury could conclude that Straub was fired because of his age. We therefore affirm.

When reviewing an entry of summary judgment, we view the record in the light most favorable to the nonmoving party. *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020). But that does not mean we take as true bare allegations not supported by evidence. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986); *McCann v. Badger Mining Corp.*, 965 F.3d 578, 592 (7th Cir. 2020). As the district court noted, Straub supplied no evidence (not even his own declaration) in support of his version of events. Even though the court liberally construed his filings and gave his allegations the benefit of the doubt when describing the events leading to this lawsuit, our review is de novo and we will not credit unsupported allegations. See *Tyburski*, 964 F.3d 590 at 597.

By 2016, Straub had worked at Jewel for more than 15 years. His job was to organize products on the shelves. One day, while Straub was in the produce section, he exchanged heated words with another employee (who was also over 60). According to Straub, the other employee rammed a cart into his legs two times. Straub defended himself by using both hands to shove the other man. In response, the other employee put his hands around Straub's neck and pushed him up against a pole. A customer witnessed the brawl and reported it to management. After an investigation, Jewel fired both Straub and the other employee.

After exhausting his remedies with the Equal Employment Opportunity Commission, Straub sued his former employer, alleging, as relevant here, that Jewel fired him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

About four months after the close of discovery, Jewel moved for summary judgment. In response, Straub moved under Federal Rule of Civil Procedure 56(d) for more time to obtain discovery about two potential comparators—the store director and the bakery manager, both of whom had been in fights at work and had not been fired. Jewel opposed the motion. It pointed out that Straub had not filed an affidavit or declaration with his motion, as required by Rule 56(d). Further, Jewel observed, Straub had identified both employees in his initial discovery disclosures (he listed the store director as a person with discoverable information and the bakery manager as a

potential comparator), and he mentioned the bakery manager's fight during his deposition, yet he offered no excuse for not seeking information about those employees during 14 months of discovery. Finally, Jewel contended that neither employee was an appropriate comparator to Straub.

The district court (at the time, Judge Virginia Kendall) held a hearing on Straub's Rule 56(d) motion. Straub averred that he had filed the required declaration with his motion, but that it had not been posted on the docket because it was attached to what looked like a repeat filing. He then repeated his contention that he needed more time to obtain discovery on the two manager-level employees. The district court denied the motion, agreeing with Jewel that the two managers were not appropriate comparators and so evidence about them would not help Straub stave off summary judgment. It gave Straub additional time to respond to the summary judgment motion.

Later the case was transferred to Judge Steven Seeger as part of his initial docket, and he granted Jewel's motion for summary judgment. The court explained that Straub's filings did not cite any evidence to dispute Jewel's statement of facts, nor did they otherwise comply with Local Rule 56.1.[1] Nevertheless, the court liberally construed Straub's filings, and ruled that even based on his version of events, no reasonable jury could conclude that Jewel had fired Straub because of his age. Straub appealed (belatedly, but the district court extended the period for good cause, and so our jurisdiction is secure, see *Mayle v. Illinois*, 956 F.3d 966, 968–69 (7th Cir. 2020)).

On appeal, Straub argues that the district court abused its discretion in denying his request for more time to obtain discovery before responding to Jewel's summary judgment motion. He maintains that he was unable to identify the similarly situated comparators necessary to show that Jewel's proffered reason for firing him was pretextual and to get his claim past summary judgment.

We see no error in the court's decision to bar additional discovery. District courts need not delay deciding a summary judgment motion when more discovery could not help the requesting party oppose the motion. FED. R. CIV. P. 56(d) (moving party must

---

[1] In this court, Straub asserts that his discharge was the culmination of discriminatory treatment by Jewel's managers, who (he says) had yelled at him on at least three occasions, had asked how old he was, and had criticized him for the pace of his work. But he failed to present competent evidence supporting these allegations, and so we disregard them.

show need for "facts essential to justify its opposition"); *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir 2017). The district court discussed at length with Straub what information he was seeking. Straub explained that he wanted to inquire about the store director and bakery manager who had not been fired for fighting. But neither would have been an appropriate comparator: They were manager-level employees, whereas Straub was an hourly clerk, and they had different supervisors than Straub. Further, the bakery manager was attacked, unprovoked, by an employee's boyfriend (that employee—age 26—was fired for instigating the incident), and the director's altercation happened at a different store. See *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 719–20 (7th Cir. 2021) (affirming summary judgment when comparators were not similarly situated in part due to different roles, decision-making personnel). Thus, more discovery about these people could not have helped Straub show that Jewel treated comparable, younger employees more favorably. See *Khowaja v. Sessions*, 893 F.3d 1010, 1015–16 (7th Cir. 2018).

Further, as Jewel rightly points out, Straub could have sought information about the managers sooner. Early in discovery, Straub identified the store director and bakery manager as sources of discoverable information, even listing the bakery manager as a potential comparator. Yet, at no point during 14 months of discovery did Straub seek information about them. See *Citizens for Appropriate Rural Rds. v. Foxx*, 815 F.3d 1068, 1082 (7th Cir. 2016) (litigant who "forestalls prosecution of their own case is not entitled to seek additional discovery when the opposing side moves for summary judgment").

Straub does not otherwise challenge the entry of summary judgment, and based on the record, the district court reached the right conclusion. See *Tyburski*, 964 F.3d at 597. The undisputed evidence shows that Straub shoved another employee during his shift, in the middle of the produce section, with a customer watching, and that the store discharged him and the other worker as a result. Straub provided no evidence of an agist motivation, let alone evidence that Straub's age was the but-for cause of his firing. *Id.* at 598.

The judgment of the district court is AFFIRMED.