NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 5, 2021[*]
Decided March 31, 2021

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1005

| | |
|---|---|
| JASON SETH PERRY, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:18-cv-04054-TWP-DML |
| RICHARD BROWN, *Respondent-Appellee*. | Tanya Walton Pratt, *Chief Judge*. |

**O R D E R**

Indiana prisoner Jason Perry petitioned for a writ of habeas corpus under 42 U.S.C. § 2254 after a hearing officer found him guilty of throwing urine on a prison guard, for which he lost 180 days of earned good-time credit and certain privileges. Perry claimed that he was deprived of due process at the disciplinary hearing because, among other reasons, he went before a biased decisionmaker and never had access to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

key evidence. The district court denied his petition, and because Perry fails to show his rights were violated, we affirm.

At the time of the incident, Perry was housed at the New Castle Correctional Facility. One morning, he received a cup of juice. Some time later, Perry threw the contents of the cup at correctional Officer K. Martin as he walked by Perry's cell. He also may have spit liquid at Officer Martin. For his part, Officer Martin identified the liquid as urine, not juice. And a video of Perry's cell showed him throwing the juice out of the cup at least an hour before the incident with Officer Martin.

Disciplinary proceedings followed and resulted in Perry being charged with battery, which includes "plac[ing] any bodily fluid or bodily waste on another person." Perry received copies of the conduct report and notice of a disciplinary hearing. So too did Perry receive a lay advocate to assist at the hearing. Perry further requested testimony from several witnesses, who gave written statements instead of live testimony due to a staffing shortage within the prison. Finally, Perry sought, but did not receive, video of the dayroom on the morning of the incident.

Before the hearing, the disciplinary hearing officer watched a video of the incident and made a report: "Video shows the offender in cell 215 throw a cup of something on the Officer. It is inconclusive if he spit it as well. Camera does not record sound." In connection with another disciplinary charge, the hearing officer also viewed the video of Perry emptying his cup of juice before the incident with Officer Martin.

In the end, the hearing officer found Perry guilty based on Officer Martin's report, the witness statements, and photos and video of the incident. Even more specifically, the hearing officer found that the liquid Perry threw at Officer Martin could not have been juice because of the earlier video footage showing Perry discarding the juice.

Perry unsuccessfully appealed the disciplinary conviction to the New Castle Warden and in turn the Indiana Department of Correction. He then filed a habeas petition under 28 U.S.C. § 2254 challenging the disciplinary sanctions. The district court rejected Perry's contentions that he was wrongfully denied access to evidence, the hearing officer was biased, and insufficient evidence supported the finding of misconduct.

On appeal, the State of Indiana (on behalf of Richard Brown, Warden of Wabash Valley Correctional Facility, where Perry is now incarcerated) first contends that we lack jurisdiction because Perry did not file a timely notice of appeal. We disagree.

A state prisoner must appeal from the denial of a habeas petition within 30 days of the judgment. *See* FED. R. APP. P. 4(a)(1)(A); RULES GOVERNING SECTION 2254 CASES, Rule 11(b) ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."). But the district court may extend the deadline for an additional 30 days "upon a showing of excusable neglect." 28 U.S.C. § 2107(c); FED. R. APP. P. 4(a)(5)(A). The district court entered judgment on November 6, 2019, so—absent a 30-day extension under Rule 4(a)(5)—Perry's notice of appeal was due on December 6.

After the initial deadline passed (but within 30 days after it, *see* FED. R. APP. P. 4(a)(5)(A)), Perry moved for an extension, briefly explaining that he was working on several cases and had been denied certain research materials in the New Castle prison library. The district court granted the motion, giving Perry until December 20, 2019. This brief extension fell within the 30 days authorized by Rule 4(a)(5)(A), (C).

Perry missed the December 20 deadline but mailed the court a notice of appeal on December 31, 2019. He accompanied the notice with a "Motion to File [a] Late Notice of Appeal" in which he explained that, due to delays in prison mail, he had not received the court's order granting his prior extension request until after the new deadline of December 20 had passed. The district court construed Perry's notice of appeal and accompanying motion as a motion to file *instanter* and granted it—effectively giving Perry a second extension of time for filing his notice of appeal.

All of this was proper. Perry ultimately filed his notice of appeal before January 6 and thus within the time limit allowed by Rule 4(a)(5)(A), (C). On the record before the district court, the warden's argument that Perry provided insufficient reasons to warrant the two extensions of time misses the mark.

As we recently explained in *Mayle v. Illinois*, the district court is the gatekeeper of the excusable-neglect standard under § 2107(c). *See* 956 F.3d 966, 968 (7th Cir. 2020). The court does not always need to make an explicit finding of excusable neglect; a summary order suffices if the motion provides "an evident path from the record to the district court's discretionary decision." *Id.* at 969. We review only for abuse of discretion. *See id.*

The district court acted within the bounds of its discretion. Perry is a *pro se* litigant juggling several cases, with limited access to research materials and limited

knowledge of the law. Yes, he neglected to file a notice of appeal on time. But "[t]he point of the excusable-neglect standard is that neglect is assumed," and the district court "has discretion to excuse it." *Id.* at 968–69. In contending that Perry did not need access to the law library to accomplish the ministerial task of filing a notice of appeal, the state assumes a level of acumen that is not warranted. Perry said he asked the law library for procedural rules; he may have wished to research the timing for filing a notice of appeal or the required contents. (Often this information appears at the conclusion of a final order disposing of a *pro se* case, but here it did not.) Sorting that out would not have been a good use of the district court's time.

Perry also took care to offer a reason for his second request for an extension of time. He explained in his December 31 filing that, because of delays in receiving his mail, he did not know about the December 20 deadline until after it had passed. The district court committed no abuse of discretion in accepting this reason as part of granting the second extension. *See id.* at 969.

We note, however, that the extensions would not have been justified if Perry had not supplied valid reasons for needing them. That was the case in *Nestorovic v. Metropolitan Water Reclamation District of Greater Chicago*, where the plaintiff missed the deadline because she was not sure she could find a lawyer to take her appeal. *See* 926 F.3d 427, 429 (7th Cir. 2019). This was not a valid excuse, we held, because the appellant intentionally waited to appeal until she retained counsel; nothing impeded her. *See id.* at 432. Perry's reasons, in contrast, were unintended delays due to the conditions in his prison. In 28 U.S.C. § 2107(c), Congress gave district courts the authority to excuse the latter, not to allow litigants to choose to ignore court deadlines. So the extensions here were valid, and Perry's notice of appeal was timely.

On the merits, Perry presses two due-process arguments. Indiana prisoners have a liberty interest in earned credit time and must be afforded due process, including the rights to present evidence in their defense and to an unbiased decisionmaker. *See Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

First, Perry says that he was denied access to a videotape of the dayroom that may have proved his innocence. The warden responds that the video did not show the altercation (which did not take place in the dayroom) and therefore could not contradict the video of Perry tossing the cup of liquid at Officer Martin. In disciplinary hearings, prisoners have no right to "irrelevant or repetitive evidence." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Perry has never explained how the video could have helped his defense. On these facts, he has not demonstrated any right to the video.

Second, Perry says his hearing officer was biased, both because he had served as a hearing officer for another disciplinary charge against Perry and because he came into the hearing with personal knowledge of the case (having seen the relevant videos). We rejected a similar argument in *Pannell v. McBride*, observing that prior knowledge of the prisoner or the case does not amount to bias. *See* 306 F.3d 499, 502 (7th Cir. 2002). We would reach a different result if the adjudicator had been directly involved in the incident, *see Piggie*, 342 F.3d at 667, but Perry makes no such allegation.

AFFIRMED