NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 18, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3247

| | |
|---|---|
| MARSHALL COBB, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:20-cv-01303-jph-dml |
| KELLY BENJAMIN, et al., *Defendants-Appellees*. | James P. Hanlon, *Judge*. |

**O R D E R**

Marshall Cobb, Sr., an Indiana prisoner, believes he has been wronged by various judges and prosecutors who, he says, refuse to consider evidence of his innocence. He brought this suit under 42 U.S.C. § 1983 alleging violations of his due-process rights, but the district court determined that each defendant was immune from suit and dismissed his complaint with prejudice. Dismissal was proper, but because

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

success in Cobb's lawsuit "would necessarily imply the invalidity of his conviction or sentence," we will modify the dismissal to be without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

More than a decade after his convictions for child molestation and rape, Cobb received two affidavits that he believes prove his innocence. In the first, the victim recanted her trial testimony and asserted that she (a child at the time) was pressured to testify falsely by a detective, a prosecutor, and the presiding judge. In the second affidavit, the State's primary medical witness at Cobb's trial asserted that the prosecutor's use of his testimony and the medical evidence was misleading.

Based on these affidavits, Cobb twice sought to set aside his conviction in the Indiana state courts. First, he filed a motion in the trial court for relief from his conviction under Indiana Trial Rule 60(B). That motion was summarily denied, and Cobb's appeals were unsuccessful. Second, Cobb filed a petition for a writ of habeas corpus under Indiana Code § 34-25.5-1-1; but it was an unauthorized successive petition, so the trial court denied it without a hearing, and his appeal was dismissed. Cobb also filed a habeas petition in federal court (his fourth) based on the same affidavits, to no avail.

In his complaint in this case, Cobb alleges that every level of the Indiana criminal justice system is infected by a massive conspiracy to keep him unlawfully imprisoned. In his view, the "corruption in our judicial system" is the only explanation for the Indiana Attorney General's terse responses to his filings and the courts' unwillingness to review the new evidence of his innocence. He also asserts that the courts' acceptance of the State's deficient responsive filings demonstrates the collusive nature of the forces against him. He seeks more than $30 million in damages and a declaration that his constitutional rights have been violated.

The district court screened and dismissed Cobb's amended complaint under 28 U.S.C. § 1915A before any defendants were served. The court determined that Cobb could not state a claim for relief under § 1983 because each defendant was entitled to absolute immunity. Cobb appeals.

Although the defendants were never served, they appear on appeal through the Office of the Indiana Attorney General, and they first assert that we lack jurisdiction because Cobb's notice of appeal was untimely. Although a timely notice of appeal is a jurisdictional prerequisite, *Groves v. United States*, 941 F.3d 315, 320 (7th Cir. 2019), district courts may extend the deadline upon a showing of "excusable neglect or good cause." 28 U.S.C. § 2107(c); FED. R. APP. P. 4(a)(5)(A)(ii). Here, the district court granted Cobb's request for an extension, but the defendants contend that there is "no evidence

on which [the court] could have rationally based its decision." *Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi.*, 926 F.3d 427, 431 (7th Cir. 2019).

We disagree. If an extension was required, Cobb's motion provided an adequate basis for it.[1] As we recently explained, a summary order extending the time to appeal is sufficient if there is "an evident path from the record to the district court's discretionary decision." *Mayle v. Illinois*, 956 F.3d 966, 969 (7th Cir. 2020). We do not nitpick district courts' discretionary choices in this area, for they "enjoy wide latitude" when assessing a litigant's reasons for requesting an extension. *Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1024 (7th Cir. 2021). Cobb requested an extension based on good cause (though he did not use those words). *See Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). He explained that the order dismissing his case took 11 days to reach him and that the prison law library had been closed, preventing him from making copies, sending legal mail, and using a computer for legal research or drafting.

The defendants argue that because a notice of appeal is a simple document, access to the law library is unnecessary. But Cobb stated that he had restricted access to the resources necessary to complete even simple filings, and he received the order dismissing his lawsuit after more than one-third of his time to appeal had already elapsed. The district court did not abuse its discretion when it implicitly found good cause for the extension. *See Nartey*, 2 F.4th at 1024. Cobb's notice of appeal, filed within the allotted extension, is therefore timely.[2]

On the merits, Cobb primarily reasserts his allegations of a massive conspiracy against him. He insists that the affidavits prove his innocence and that, therefore, the prosecutors and courts have violated his due-process rights by not considering them. He does not engage with the district court's conclusion that the defendants are immune from his suit for damages. For their part, the defendants argue that the district court did not have jurisdiction to address Cobb's claims, which they say are blocked by the *Rooker-Feldman* doctrine as challenges to the state-court decisions denying him relief from his convictions. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

---

[1] Cobb dated his notice of appeal November 5, 2020, which would make it timely, regardless of any extension, if he also submitted it for mailing that day. *See* FED. R. APP. P. 4(c)(1). But his mail was not postmarked until November 12, 2020, and we lack any information about when he deposited it in the prison mail system.

[2] We further note the possibility that his motion for an extension, which he filed less than 30 days after the court entered final judgment, could itself be construed as a timely notice of appeal. *See Nartey*, 2 F.4th at 1024.

Although the defendants rightly argue that any relief would call into question the validity of Cobb's convictions, the consequence is that the claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). The crux of Cobb's complaint is that the affidavits show that he was deprived of due process in his original criminal trial and that the violation continues with respect to his efforts to vacate his convictions. To win, he would have to show that he was convicted based on the misconduct of those involved in the criminal case, or that the state courts ignored the affidavits to keep him unlawfully imprisoned. But both theories imply that his confinement is invalid, *see Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015), which *Heck* forbids. 512 U.S. at 486–87.

Because Cobb's convictions have not been invalidated—and he remains incarcerated—his claims for damages under § 1983 are not yet cognizable. *Savory v. Cannon*, 947 F.3d 409, 418 (7th Cir. 2020) (en banc). Habeas corpus is his exclusive remedy. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). Cobb's insistence that his case is about "corruption in the judicial system," not his conviction or sentence, does not matter; he cannot bring a § 1983 suit alleging that he was unjustly convicted (or denied habeas relief) until his convictions are set aside. *See Hill*, 785 F.3d at 248.

Absolute immunity poses an obvious (and potentially insurmountable) obstacle to Cobb's claims. But in the unlikely event that Cobb obtains a favorable termination of his convictions from an appropriate authority, reaching the merits now could impede any prosecution of his claim in the future. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019); *Moore v. Burge*, 771 F.3d 444, 446 (7th Cir. 2014). A dismissal under *Heck*, unlike one based on immunity, is not a disposition on the merits. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). Therefore, we modify the judgment to reflect a dismissal without prejudice pursuant to *Heck.* As modified, the judgment is AFFIRMED.