In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-2710

DAVID LANE, JR.,

*Plaintiff-Appellant,*

*v.*

MICHAEL PERSON,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:19-CV-259-RLM-MGG — **Robert L. Miller, Jr.**, *Judge.*

SUBMITTED JULY 20, 2022[*] — DECIDED JULY 21, 2022

Before BRENNAN, SCUDDER, and KIRSCH, *Circuit Judges.*

PER CURIAM. David Lane was detained on state criminal
charges, including battery, at the jail in LaPorte County, Indiana. He is now in the custody of the Indiana Department of

---

[*] We have agreed to decide the case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. FED. R. APP. P.
34(a)(2)(C).

Correction. Lane sued Michael Person, a doctor at the jail, for deliberate indifference to Lane's medical condition under 42 U.S.C. § 1983. Person prevailed at summary judgment and requested roughly $4,000 in costs, which the district court allowed over Lane's objection. Lane appeals. Because the bill of costs contains an unrecoverable witness fee, we modify the judgment to cap the fee at the $40 statutory maximum; otherwise, we affirm.

While in jail, Lane sought medical care from Person for an acoustic neuroma, or non-cancerous tumor. Person did not order surgical removal of the tumor, which Lane believes was required at the time. (He later had the surgery.) Lane sued Person for providing objectively unreasonable care in violation of his rights under the Fourteenth Amendment. During discovery, Person deposed Rick Nelson, a doctor who also treated Lane. Nelson testified that Person appropriately addressed Lane's condition by ordering multiple MRIs and a consultation with a specialist. Person later moved for summary judgment. The district court determined that no reasonable factfinder could find Person liable and entered judgment on March 23, 2021. On March 24, 2021, Lane filed a motion to reconsider, which the court denied on July 19, 2021.

After prevailing, Person filed a bill of costs under Federal Rule of Civil Procedure 54(d) requesting $4,017.59. Of that, $2,750 was a one-day witness fee for Nelson. Lane objected to the bill of costs on the ground that his case had merit and Person should not have won. Lane did not specifically challenge any cost. The court ruled that Lane's argument did not overcome the presumption favoring the prevailing party's recoupment of costs, and on September 13, 2021, it awarded the full amount.

On September 17, 2021, Lane filed his notice of appeal. Lane says he is appealing both the judgment and the bill of costs. But because more than 30 days passed between the denial of his motion to reconsider the summary-judgment decision and his notice of appeal, it is too late to appeal the judgment. 28 U.S.C. § 2107(a), FED. R. APP. P. 4(a)(1)(A). Therefore, by prior order, *Lane v. Person*, No. 21-2710 (7th Cir. Mar. 9, 2022) we limited this appeal to a review of the decision on costs. *See Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 431 (7th Cir. 2019).

As the district court explained, there is a presumption that a prevailing party recovers costs under Rule 54(d). The presumption applies only to those costs that are enumerated in 28 U.S.C. § 1920, however. As a result, we ask two questions when reviewing an award of costs: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). We "review carefully whether an expense is recoverable." *Id.* (quoting *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943 (7th Cir. 1988)). But we will disturb a decision on reasonableness only when there is a "clear abuse of discretion." *Majeske*, 218 F.3d at 824 (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)).

Lane now argues that Person unreasonably recovered $2,750 for only a couple hours of Nelson's time. But there is a more fundamental problem. Although § 1920 includes witness fees as an expense that may be taxed as a cost, another statute, 28 U.S.C. § 1821, more specifically addresses the allowable amount. *See Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 441 (1987). Thus, when a prevailing party seeks

witness fees under Rule 54 "a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *T.D. v. LaGrange School Dist. No. 102*, 349 F.3d 469, 481 (7th Cir. 2001) (quoting *Crawford*, 482 U.S. at 439 (1987)). Section 1821(b) limits Nelson's fee to $40 per day, and no other authority allows more. Even the itemized list that Person submitted instructs that costs be calculated under § 1821(b). Nelson's fee is thus capped at $40 for his single day of testimony.

As a result, Nelson's full fee of $2,750 could not be taxed as a cost under § 1920 and Rule 54(d). Awarding it was a legal error and, by definition, an abuse of discretion. *See Tsareff v. ManWeb Servs., Inc.*, 794 F.3d 841, 848 (7th Cir. 2015). The district court's explanation that costs are presumptively awarded is correct but not relevant to the question whether a specific cost may be included in the bill of costs.

Person now suggests that Nelson's witness fee is recoverable as an expert's fee under Federal Rule of Civil Procedure 26. There are circumstances in which a party may recoup a fee this way. *See Halasa v. ITT Edu. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012) (allowing a plaintiff to be reimbursed for his expert's fee for deposition conducted by the defendant). But even if Nelson was an expert witness (and as best we can tell he was not disclosed as one, nor did Person request his fee under Rule 26), he was Person's retained expert, which distinguishes this case from *Halasa*. And a party's own expert witness fee generally is not recoverable as a cost. *Abernathy v. E. Ill. R.R. Co.*, 940 F.3d 982, 994–95 (7th Cir. 2019) (prevailing party cannot "recover the entire 'reasonable fee' he paid his expert witnesses for their depositions").

Person also argues that Lane waived "any" argument against the costs award by not challenging any line item. But we do not believe it would serve the ends of justice for a prevailing defendant to obtain a windfall at the expense of an incarcerated and indigent pro se litigant who objected—broadly, to be sure—to the bill of costs. *See Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 391 (7th Cir. 2007) (considering argument, raised only on appeal, in the interest of justice). The extent of the cost was capped by statute, and Lane's filings brought that pure issue of law to our attention. *See Bourgeois v. Watson*, 977 F.3d 620, 632 (7th Cir. 2020).

Therefore, we remit the cost recovery for Nelson's witness fee to the statutorily allowable $40, so Person may recover total costs of $1,307.59. As so MODIFIED, the judgment is AFFIRMED.